CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUN - 6 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEMPSEY E. CLOMAN, | )<br>) |
| Petitioner, | )<br>) Case No. 7:08-cv-00329 |
| v. | )<br>) **MEMORANDUM OPINION**<br>) |
| TERRY O'BRIEN, | )<br>) By: Hon. Jackson L. Kiser |
| Respondent. | ) Senior United States District Judge |

Petitioner Dempsey E. Cloman, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Cloman asserts that his sentence should be reduced because of a post-sentencing amendment to United States Sentencing Guideline ("USSG") §4A1.2(a)(2). Cloman is not challenging the manner in which his sentence is being executed or alleging that he is in custody in violation of the Constitution or laws of the United States, as would be appropriate pursuant to 28 U.S.C. § 2241, nor is he attacking the legality of his sentence, as would be appropriate pursuant to 28 U.S.C. § 2255.[1] Because Cloman requests a modification of his sentence pursuant to a subsequent amendment in the Sentencing Guideline that was applied to his case, I find that a motion pursuant to 18 U.S.C. § 3582(c) is the most appropriate remedy; however, Cloman was not sentenced in this district, thus, I do not have the authority to modify or correct his previously imposed sentence. See Anderson v. United States, Civil Action No. 1:07-CV-942, 2008 WL 1836673, at *2 (E.D. Tex. Apr. 23, 2008) (noting that the sentencing court has jurisdiction to decide whether a petitioner's sentence should be modified based on a retroactive

---

[1] To the extent that Cloman alleges that his sentence was improper from the time it was imposed, such a claim can only be raised in a motion brought under 28 U.S.C. § 2255. Cloman admits and the record confirms that such a motion would be untimely. Moreover, Cloman admits that this claim has already been fully considered and denied on direct appeal. A petitioner may not relitigate a claim which the Court of Appeals has already fully considered and decided on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

amendment to the guidelines pursuant to 18 U.S.C. § 3582(c)(2) and finding that "[t]his court may not modify petitioner's sentence because petitioner was not sentenced in this district."). Accordingly, I find that the petition must be dismissed because neither section 2241 nor 2255 offer Cloman relief under these circumstances and I have no jurisdiction to consider a motion pursuant to 18 U.S.C. § 3582(c).

## I.

Regardless, even if a § 2241 habeas petition were the proper vehicle for Cloman to request modification of his sentence, for the reasons outlined below, I find that §4A1.2(a)(2) is not retroactively applicable and conclude that Cloman's underlying claim lacks sufficient merit to warrant the requested relief. On November 1, 2007, the United States Sentencing Commission adopted Amendment 709[2], which amended USSG §4A1.2(a)(2). Section §4A1.2(a)(2) addresses how multiple prior offenses are calculated when determining a defendant's criminal history score. Two of Cloman's prior sentences, resulting from burglaries in December of 1989, were considered to be separate for sentencing purposes. However, changes to §4A1.2(a)(2), pursuant to Amendment 709, indicate that those two sentences would currently be counted as a single sentence, thus, reducing Cloman's criminal history score and, consequently, his sentence.

As Cloman was sentenced prior to November 1, 2007, his sentence cannot be reduced pursuant to Amendment 709 unless that Amendment is retroactively applicable. USSG §1B1.10, titled Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy

---

[2] Although Cloman has not explicitly identified the amendment on which his current petition is based, Amendment 709 appears to be the only recent amendment that affects the section of the USSG cited in Cloman's petition.

Statement), lists all USSG Amendments that are retroactive.[3] Amendment 709 is not listed in §1B1.10. See United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004) (citing United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) ("We agree with several of our sister circuits [2d, 3d, 6th, 8th, 10th] that have established a bright-line rule that amendments in § 3582(c) motions may be retroactively applied solely where expressly listed under §1B1.10(c).")). Moreover, a significant number of federal courts, including this one, have held, without exception, that Amendment 709 is not retroactively applicable. See United States v. Cofield, 259 F. App'x 575 (4th Cir. 2007); United States v. Boysaw, No. 7:03-cr-00128, 2008 WL 123641, at *1 (W.D. Va. Jan. 10, 2008) (noting that Amendment 709 is not listed in §1B1.10(c) and, therefore, may not be applied retroactively as grounds for a sentence reduction under § 3582 for an inmate sentenced before the amendment). Accordingly, I find that Amendment 709 is not retroactively applicable to Cloman's sentence.

## II.

Based on the foregoing, I find that Cloman is not eligible for relief under § 2241 and that the petition must be dismissed. Moreover, I lack jurisdiction to consider any motion pursuant to § 3582(c). Regardless, Cloman's underlying claim lacks merit. An appropriate Order will be entered this day.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

ENTER: This 6th day of June, 2008.

Senior United States District Judge

---

[3] USSG Manual §1B1.10(c) (Supp. 2007) reads: "Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, and 702."